# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
**Plaintiff,**

**v.**                                              **Case No. 07-CR-66**

**FREDERICK JOHNSON**
**Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Frederick Johnson pleaded guilty to conspiracy to distribute 5 kilograms or more of cocaine, contrary to 21 U.S.C. § 841(a)(1) & (b)(1)(A). The probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing, which set defendant's offense level at 31 (base level 32, U.S.S.G. § 2D1.1(c)(4), plus 2 for possession of a firearm, § 2D1.1(b)(1), and minus 3 for acceptance of responsibility, § 3E1.1) and his criminal history category at III, producing an imprisonment range of 135-168 months under the advisory sentencing guidelines. Neither side objected to the PSR's calculations, which I adopted.

Defendant requested a sentence of 120 months, the statutory mandatory minimum, while the government advocated a term at the low end of the guideline range. I concluded that 120 months was sufficient to satisfy the various purposes of sentencing. I provide written reasons for the sentence herein.

## I. SENTENCING FACTORS

"When sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a)." United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007). Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the sentencing guideline range;

(5)    any pertinent policy statements issued by the Sentencing Commission;

(6)    the need to avoid unwarranted sentence disparities; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute directs the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence fulfills the statutory purposes, see Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Demaree, 459 F.3d 791, 794-95 (7th Cir. 2006), cert denied, 127 S. Ct. 3055 (2007), but rather "must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

2

## II. DISCUSSION

**A.      Nature of Offense**

Defendant conspired to distribute more than 5 kilograms of cocaine, supplying a confidential informant with drugs over the course of nearly six months.  Officers arrested him attempting to deliver 1 kg of cocaine and a subsequent search of his residence turned up 249 grams of powder cocaine, 93 grams of crack, 1.5 grams of heroin, a scale and a loaded handgun.

This was clearly a serious offense, given the amounts, the different drugs with which defendant was involved, and the presence of a loaded firearm.  However, there was no indication of violence or threats further aggravating the crime.  Defendant stated that he sold drugs to support himself because he could not find a job due to his health problems, which were verified in the PSR.  I accepted defendant's explanation for his conduct but noted that this was clearly an inappropriate response to unemployment.

Finally, and to his credit, defendant was cooperative upon his arrest and admitted the nature and scope of his conduct.  He promptly entered a plea of guilty and attempted to cooperate with the government in the investigation of others, although his efforts did not ultimately bear fruit.

**B.      Character of Defendant**

Defendant was forty-two years old and had a prior record, including convictions for carrying a concealed weapon, drunk driving and misprision of a felony, which was pled down from possession with intent to deliver in federal court in Mississippi.

Defendant grew up in Mississippi, moved to Michigan for a time, and came to Milwaukee

3

in January 2006.  He married in 2001 in Mississippi but separated from his wife shortly thereafter.  His girlfriend of the past year in Milwaukee made positive statements about him to the PSR writer.  Defendant had eight children with six women and owed about $15,000 in back child support in Michigan and Mississippi, although he stated that he tried to maintain relationships with his kids.

The PSR indicated that defendant was diagnosed with ulcerative colitis and had his colon removed in 1998 and as a result has a colostomy bag.  Defendant attributed his lack of employment since that time to his health problems.  He previously worked as a machinist.  Defendant dropped out of high school but later got his GED while in prison.

It appeared that defendant had a problem with alcohol, which he did not really acknowledge.  He also abused marijuana, at least in the past.  He also tested positive for cocaine on his arrest in January 2007, but denied using it.  I concluded that he would benefit from substance abuse treatment.

## C.    Consideration of Guidelines and Purposes of Sentencing

The guidelines called for a term of 135-168 months, and the statute required a term of 120 months.  Under all of the circumstances, I found a sentence of ten years sufficient but not greater than necessary to satisfy the purposes of sentencing.

The crime was, as indicated, serious based on the drug types and amounts, but a ten year term provided just punishment.  See 18 U.S.C. § 3553(a)(2)(A).  I also took into account the fact that prison would likely be harder for defendant than other inmates due to his significant health issues,[1] and the fact that he promptly pleaded guilty and expressed genuine

---

[1]Defendant apparently developed an infection at the colostomy site will detained pre-trial in this matter.

4

remorse for his conduct at sentencing.

Defendant's record suggested that he presented some risk of recidivism, but a ten year term adequately protected the public.[2] See § 3553(a)(2)(C). Defendant will be in his fifties when released, an age when recidivism tends to decline. See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at 12 (2004) (stating that recidivism rates decline steadily with age, from 35.5% for offenders age 21 and younger to 9.5% for offenders over age 50).

A ten year term was also sufficient to deter others and deter defendant. See § 3553(a)(2)(B). Defendant's longest previous prison term was just 30 months, and an increase of more than three times was sufficient to impress upon him that he could not continue in the drug business. See United States v. Santoya, 493 F. Supp. 2d 1075, 1081 (E.D. Wis. 2007) (stating that courts should consider the length of any prior prison terms the defendant served in evaluating the need for specific deterrence). Finally, defendant appeared to have correctional treatment needs, including substance abuse problems, but under the circumstances I had to address those issues initially via recommendations to the Bureau of Prisons and later conditions of supervised release. See § 3553(a)(2)(D).

---

[2]Defendant noted that but for a fine-only drunk driving conviction from 1997 in Mississippi, he would have fallen in criminal history category II, with an imprisonment range of 121-151 months. While U.S.S.G. § 4A1.2 cmt. n.5 provides that drunk driving convictions score criminal history points, § 4A1.3(b) allows the court to depart if the defendant's criminal history category substantially overstates the seriousness of his record or the likelihood that he will re-offend. Courts have regularly departed when old drunk driving cases operated to increase a defendant's category. See, e.g., United States v. Hammond, 240 F. Supp. 2d 872, 881 (E.D. Wis. 2003) (collecting cases). I did not formally depart in this case but considered the Commission's policy statement 4A1.3(b) under 18 U.S.C. § 3553(a)(5).

5

## III.  CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 120 months, with a recommendation that he participate in any substance abuse treatment programs available including the 500-hour residential program.  This sentence varied from the guidelines by only about 1 level and was based on the particular facts of the case, thus it did not create unwarranted disparity.  See § 3553(a)(6).  Upon release, I ordered defendant to serve a five year supervision term, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2007.

/s Lynn Adelman
_____

LYNN ADELMAN
District Judge

6